**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd. Ste 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
ANTOVAN YOUKHANA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| ANTOVAN YOUKHANA,<br><br>　　　　Plaintiff,<br>vs.<br><br>CLEARPATH FEDERAL CREDIT UNION, FIRST COLLECTION SERVICES; EQUIFAX INFORMATION SERVICES, LLC<br><br>　　　　Defendants. | Case No.: 5:20-cv-2226<br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692, *ET. SEQ.*]**<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT [CAL. CIV. CODE § 1788, *ET. SEQ.*];**<br>3. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681, *ET. SEQ.*]**<br>4. **VIOLATIONS OF THE CALFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [CAL. CIV. CODE § 1785, *ET. SEQ.*]** |

1

## INTRODUCTION

1. ANTOVAN YOUKHANA (Plaintiff) brings this action to secure redress from Defendants Clearpath Federal Credit Union (hereinafter "Clearpath") and First Collection Services (hereinafter "First Collection Services") and Equifax Information Services, LLC for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA")., the Fair Credit Reporting Act ("FCRA"), and the California Consumer Credit Reporting Agencies Act ("CCRAA").

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Menifee, CA. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant Clearpath Federal Credit Union is a business entity with its headquarters located in Glendale, CA. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the RFDCPA.

6. Clearpath is engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). Clearpath is a "person" as defined by the FCRA, Section 1681a(b),

and Cal. Civ. Code § 1785.3(j).

7. Defendant, Equifax Information Services, LLC (hereinafter "Equifax"), is a limited liability company with its principal place of business located at 1550 Peachtree St. NW Atlanta, Georgia, 30309. At all relevant times herein, Defendant, Equifax, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Likewise, Equifax is a "consumer reporting agency" within the meaning of the CCRAA, Cal. Civ. Code § 1785.3(d).

8. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

9. Plaintiff is informed and believes and on that basis alleges that Defendants is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS

10. Within one year prior to the filing of this action, Clearpath attempted to collect money, property or their equivalent, due or owing or alleged to be due or owing from Plaintiff by reason of a consumer credit transaction and/or "consumer debt."

11. Within the last two (2) years, Clearpath has furnished false and inaccurate credit information to Equifax regarding the character, amount and legal status of an alleged debt which Plaintiff does not owe.

12. On or about April 30, 2018, Plaintiff filed for a no asset Chapter 7 bankruptcy in the United States Bankruptcy Court for the Central District of California in Los Angeles. Plaintiff's case was assigned Case Number 6:18-bk-13634 (the "Bankruptcy").

13. The obligations ("Account") to Clearpath, which was a consumer credit card account, were scheduled and included in the Bankruptcy.

14. Clearpath, a creditor, was thereafter served notice of the bankruptcy.

15. On or about August 13, 2018, Plaintiff received a successful bankruptcy discharge, and Clearpath thereafter received notice of the Bankruptcy discharge.

16. Clearpath did not file any successful proceedings to declare their Debt "non-dischargeable" pursuant to 11 U.S.C. § 523 et seq.

17. Clearpath also did not request or receive relief from the "automatic stay" codified at 11 U.S.C. §362 et seq. while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff for any of the underlying Debts in their pre-bankruptcy form.

18. Accordingly, the Debt to Clearpath was discharged through the Bankruptcy.

19. Thereafter, Clearpath has furnished inaccurate information to Equifax regarding the Account in the form of reporting the Account as "charge-off", with an outstanding balance of $ 1,073.00, as opposed to "Discharged in Bankruptcy" (or the equivalent). This is so even though Clearpath has updated its credit reporting as recently as August 31, 2020.

20. The derogatory information reported by Clearpath after the Bankruptcy was discharged indicates to potential creditors that the Debt was somehow not discharged in the Bankruptcy and Plaintiff was being actively

delinquent in respect to Clearpath's Debt, which is inaccurate and materially misleading reporting.

21. Clearpath's attempt to collect upon this alleged debt by reporting post-Bankruptcy derogatory information on Plaintiff's Credit Reports was therefore inaccurate and prohibited by the Bankruptcy discharge.

22. Clearpath's reporting of post-Bankruptcy derogatory information was also inaccurate because a default on an account included in a bankruptcy can occur no later than the bankruptcy filing date, at which point the accounts included in the Bankruptcy were no longer collectable due to the effect of the automatic stay and ultimate discharge.

23. Notwithstanding having received notice of Plaintiff's bankruptcy petition and bankruptcy discharge, Clearpath additionally assigned its alleged debt to Defendant First Collection Services with the intent and purpose of having First Collection Services attempt to collect the alleged Clearpath debt from Plaintiff, even though when knew such debt was not legally owed.

24. Thus, by reporting post-Bankruptcy derogatory information, Clearpath effectively reported: (1) Plaintiff was being financially irresponsible by failing to pay the debt after the Bankruptcy was discharged; and (2) that Plaintiff's Debt was more recently subject to collection than it really was, which is inaccurate and misleading under the CCCRAA.

25. Clearpath's reporting of post-Bankruptcy derogatory information was also inaccurate and materially misleading because Clearpath continued reporting information based on Clearpath's pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the filing of the Bankruptcy and ultimate successful discharge, thereby rendering the reported information inaccurate and materially misleading.

26. For decades, courts have recognized that when a bankruptcy discharge is granted, the order relates back to the date of filing the petition and relieves the debtor from personal liability as of that date.

27. This is because when a debtor voluntarily files for bankruptcy, the petition constitutes an "order for relief" under the particular chapter the debtor wishes to proceed per Bankruptcy Code 11 U.S.C. § 301(a)-(b). 136. When a debtor such as Plaintiff files a chapter 7 petition, Section 727(b) of the Bankruptcy Code provides that the discharge, when entered, applies to "all debts that arose before the date of the order for relief." In other words, the discharge relieves the debtor of personal liability for all prepetition debts.

28. Thus, in relation to the CCRAA, the discharge order rendered the information reported by Clearpath following the bankruptcy discharge inaccurate and patently misleading because the discharge order relieved Plaintiff from any personal obligation to pay Clearpath as of the date of filing the Bankruptcy petition—April 30, 2018.

29. Moreover, the derogatory, delinquent information furnished by Clearpath following the Bankruptcy Discharge was inaccurate and misleading because end users, including potential creditors, may interpret the reported information to mean that Plaintiff incurred new debt during the Bankruptcy or that Plaintiff reaffirmed the Debt with Clearpath notwithstanding the discharge.

30. However, Plaintiff did not incur new debt with Clearpath during the pendency of the Bankruptcy or reaffirm the Debt in the Bankruptcy.

31. As of the date of the filing of this complaint, Clearpath continues to furnish inaccurate information regarding an alleged debt on Plaintiff's credit file.

32. Defendants have continued to report negative, inaccurate information and have failed to include accurate information regarding Plaintiff's Clearpath account.

33. Defendant Equifax has also failed include any notation, status update, or any other indication on any of Plaintiff's tradelines that the Accounts listed therein were discharged in Plaintiff's Bankruptcy.

34. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

35. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

36. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, which has hindered and harmed her ability to obtain credit, and diminished her existing and future creditworthiness.

37. As a direct and proximate result of Defendants' above-referenced willful and/or negligent violations of the law, Plaintiff has suffered actual damages including, but not limited to, reviewing credit reports, attorney's fees, and such further expenses in an amount to be determined at trial.

## FIRST CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

**(Against Defendant First Collection Services)**

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection

Practices Act), in the following ways:

(1) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(2) Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

(3) Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt;

(4) Defendant violated 15 U.S.C. §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt.

40. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

**(Against Defendant Clearpath)**

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), in the following ways:

(1) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person

in connection with the collection of a debt;

(2) Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

(3) Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt;

(4) Defendant violated 15 U.S.C. §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt.

44. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

### THIRD CAUSE OF ACTION
### Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.25(a)
### (Against Defendant Clearpath)

46. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

48. California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

49. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or

experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

50. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

51. Based on these violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

52. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## FOURTH CAUSE OF ACTION

**Willful Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against Defendant Equifax)**

53. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54. Defendant Equifax is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

55. Defendant Equifax uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(t).

Defendant Equifax is likewise a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

56. In preparing Credit Reports, Defendant Equifax has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiff, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

57. As a result of Defendant Equifax's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Equifax is falsely reporting that Plaintiff opened accounts and incurred debt that were in fact opened and incurred by the identity thief.

58. Defendant Equifax's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

59. As a result of Defendant Equifax's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

60. As a further result of Defendant Equifax's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff has suffered damage to her credit rating and other actual damages.

## FIFTH CAUSE OF ACTION
**Negligent Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**
**(Against Defendant Equifax)**

61. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

62. In preparing credit reports relating to Plaintiff, Defendant Equifax has

failed to follow reasonable procedures to assure maximum accuracy of information it puts in Credit Reports in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

63. As a result of Defendant Equifax's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Defendant Equifax is falsely reporting that Plaintiff opened accounts and incurred debt that were in fact opened and incurred by the identity thief.

64. Defendant Equifax's failure to comply with the requirements of 15 U.S.C. § 1681 e(b) and Cal. Civ. Code § 1785.14(b) is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(l), respectively.

65. As a result of Defendants' negligent violations of the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Plaintiffs has suffered damage to her credit rating and other actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

66. an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C § 1681(n), Cal. Civ. Code § 1788.30(a), and Cal. Civ. Code § 1785.31(a)(2)(A);

67. an award of statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

68. an award of statutory damages of $ 1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

69. an award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

70. an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.14;

71. an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.25(a);

72. an award of attorneys' fees and costs pursuant to 15 U.S.C § 1681(o),

Cal. Civ. Code § 1785.31(d), and Cal. Civ. Code § 1788.30(c).

73. Providing such further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff's demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: October 22, 2020    **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
*Attorneys for Plaintiff*